[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10071
Non-Argument Calendar

_____

D. C. Docket No. 06-00078-CR-5-RS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANTRA FILMS, INC.,

Defendant,

JOSEPH FRANCIS,

Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 6, 2007)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Mantra Films, Inc., produces and distributes a popular series of sexually graphic DVDs called "Girls Gone Wild." The DVDs — which feature young women drinking and partying while frequently exposing themselves in whole or in part — contain footage shot in a variety of locations, including beaches, lakes, college campuses, hotel rooms, the streets of New Orleans during Mardi Gras, etc. Mantra pleaded guilty in the district court to a ten-count Information in which the Government charged the company with violating two provisions of the Child Protection Restoration and Penalties Enhancement Act of 1990. See 18 U.S.C. § 2257(f)(1), (f)(4). Specifically, the Government charged that Mantra (1) did not maintain "identifiable records" on each of the individuals featured in certain of its DVDs, and (2) did not attach to its DVDs a statement disclosing the location where "the required age documentation records" could be located.[1]

The district court sentenced Mantra to a five-year term of probation on each count and ordered the probation terms to run concurrently. The court also ordered Mantra to pay a fine of $1.6 million, an amount negotiated as part of Mantra's plea agreement with the Government. As one of the special conditions of Mantra's probation, the court ordered its CEO, Joseph R. Francis, to perform community

---

[1] The DVDs at issue are: (1) Ultimate Spring Break, Vols. 3 and 4; (2) Girls Gone Wild On Campus Uncensored; (3) Totally Exposed and Censored, Vols. 1 through 5; and (4) Girls Gone Wild College Girls Exposed/Sexy Sorority Sweethearts.

service "for a total term of 30 consecutive months . . . in the Panama City Division of the Northern District of Florida," the location in which the targeted footage was recorded. Francis filed this appeal to challenge the portion of Mantra's sentence that requires him to perform community service. The propriety of that portion of Mantra's sentence is the only issue before us.

Francis argues that because he was never personally named as a defendant in this case the district court violated his due process rights when it ordered him to travel to Florida to perform community service on behalf of the named defendant: Mantra, the corporation over which he exercises nearly complete control. The Government points out that Francis, who appeared in person before the district judge at Mantra's sentencing hearing and was given an opportunity to object to the sentence imposed by the court, made no objection to the community-service provision (or any other aspect of Mantra's sentence). Because Francis did not object below, the Government argues that we should review the district court's sentencing determination for plain error only. We agree. Finding no plain error, we affirm the judgment of the district court.

## I.

At the sentencing hearing, the district court explained to Mantra's lawyer, to Francis (who personally appeared on behalf of Mantra upon the district court's

3

order), and to the AUSA that the following "special condition[]" would attach to

Mantra's sentence of probation:

> THE COURT: Mantra Films, Incorporated, shall cause its chief executive officer [Francis] . . . to perform, on Mantra's behalf . . . community service . . . each month, at the direction of the United States probation officer, for a total term of 30 consecutive months.
>
> .    .    .    .    .
>
> Now let me explain the purpose of this. At the time of these offenses, it is clear that Mr. Francis exercised total control [over Mantra], and he set the tone. And I think it's appropriate that he perform this service on behalf of the corporation . . . . Now this community service shall be performed in the Panama City Division of the Northern District of Florida. It makes no sense for this service to be performed in California. The offenses occurred in this community and these offenses have had a profound effect on this community.

After reiterating the terms of Mantra's sentence, the following exchange occurred:

> THE COURT: Again, Mr. Dyer,[2] are there any objections to either my ultimate findings of fact or conclusions of law about this sentence?
>
> MR. DYER: No, Your Honor.
>
> THE COURT: Counsel, are there any objections to the manner in which I pronounced sentence?

---

[2] Mantra's lawyer.

MS. MORROW:[3]    No, Your Honor.

MR. DYER:        Your Honor, can I have just a minute to confer
                 with my clients?

          (Defendants and counsel conferring.)

MR. DYER:        Your Honor, we're ready to proceed.

THE COURT:       Again, are there any objections to the manner in
                 which I have pronounced sentence?

MR. DYER:        No, Your Honor.

                 .    .    .    .    .

THE COURT:       Okay.  Does anybody have any questions?  Does
                 anybody have anything further to bring up?

MR. DYER:        No, Your Honor.

## II.

It is clear from a review of the sentencing transcript that no objection was

made to district court's imposition of community service.  Plain-error review is

appropriate where an issue could have been, but was not, raised in the district court

and is instead raised for the first time on appeal.  See United States v. Humphrey,

164 F.3d 585, 587 (11th Cir. 1999); Fed.R.Crim.P. 52(b).  "No procedural

principle is more familiar . . . than that a constitutional right, or a right of any other

---

[3] The AUSA.

sort, may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." United States v. Olano, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776 (1993).

"Four requirements must be met before we can reverse a district court for plain error. . . . First, there must be an error. Second, the error must be plain. Third, the error must affect substantial rights of the defendant. Fourth the error must seriously affect the fairness, integrity, or public reputation of a judicial proceeding." Humphrey, 164 F.3d at 588 and n.3. We will assume for the sake of argument that Francis has identified an error committed by the district court. His failure to establish the second requirement is fatal to his appeal.

"A plain error is an error that is 'obvious' and is 'clear under current law.'" Id. at 588. The "clear under current law" requirement means that "at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005) (citation omitted).

Francis's argument is this: a corporate officer's due process rights are violated when a district court requires the corporate officer (as an unnamed defendant in a criminal case) to perform community service on behalf of the

6

officer's corporation[4] (the named defendant) as a condition of the corporation's sentence of probation. This argument is not clearly resolved by "the explicit language of a statute or rule." Id. And it is not clearly resolved by the language of the Due Process Clause of the Fifth Amendment — the constitutional provision upon which Francis relies. Thus, the alleged error committed by the district court can be "plain" only if "a precedent from the Supreme Court or this Court directly resolv[es] it." Id. Francis has not cited any case from the Supreme Court or from this Court specifically addressing the argument he presents in this appeal. So even assuming the district court committed an error in requiring Francis to perform community service as a condition of Mantra's sentence of probation — a proposition we do not address — any such error was not "plain" because it was not "clear under existing law." Humphrey, 164 F.3d at 588.

## III.

For these reasons, we conclude that the district court did not commit plain error. The judgment of the district court is

**AFFIRMED.**

---

[4] The district court expressly determined that Francis is the "founder, chief executive officer, sole shareholder, sole director, and . . . official representative of the organization, Mantra Films, Incorporated." Francis did not challenge this factual finding below and does not challenge it on appeal.

7